Affirmed and Memorandum Opinion filed October 15, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00403-CV

___________________

 

IN THE INTEREST OF K.L.G. aka C.G., a child



 



 

On
Appeal from the 315th District Court

Harris County,
Texas



Trial Court Cause No. 2007-10057J

 



 

 

M E M O R A N D U M   O P I N I O N

Calvin Gould, Jr., appeals a final
decree terminating his parental rights to K.L.G. In three issues, he asserts
that the evidence is legally and factually insufficient to support termination
of his parental rights. We affirm the trial court’s judgment.

In late 2007, the Department of Family &
Protective Services obtained custody of K.L.G. when she was almost one year
old, after a complaint of neglectful supervision of K.L.G. and her three
brothers. The children were found unsupervised in the mother’s home. The mother
has a history of drug abuse. K.L.G. was originally removed from her mother’s
care and placed with a maternal great aunt, Margaret Vasquez. After Vasquez
lost her home, she and the children moved in with K.L.G.’s mother. Vasquez left
the children in the care of their mother despite knowledge of the mother’s drug
abuse, which continued after Vasquez moved in with her. Because Vasquez was
homeless, had medical issues, and made inappropriate decisions, K.L.G. and her
brothers were placed with CPS. This termination action followed.[1]

The evidence at trial showed that during the
three-month period appellant had contact with K.L.G. after her birth, he
supported his family by selling drugs. He had been convicted of delivery of
cocaine in 2000 and robbery in 2004, and was on parole when K.L.G. was born. Three
months later, appellant violated the conditions of his parole by selling crack
cocaine and was returned to jail. At the time of trial, appellant was serving
three concurrent 2007 sentences of eighteen years for aggravated assault with a
deadly weapon, fifteen years for unlawful possession of a firearm, and two
years for possession of cocaine.[2]
At the conclusion of the non-jury trial, the court terminated appellant’s
parental rights to K.L.G.

Appellant timely filed a motion for new trial, notice
of appeal, affidavit of indigency, and statement of appellate points. See
Tex. Fam. Code Ann. § 263.405 (Vernon 2008). At the hearing on appellant’s
motion for new trial, the trial court determined that appellant is indigent and
that this appeal of the termination decree is frivolous as provided by Section
13.003(b) of the Civil Practice and Remedies Code. See Tex. Fam. Code
Ann. § 263.405(d)(3) (Vernon 2008). 

Before we can reach the substantive merits of an
appeal in which a frivolousness finding has been made, we must first determine
whether the trial court properly found the appeal to be frivolous. Tex. Fam.
Code Ann. § 263.405(g) (Vernon 2008); Lumpkin v. Dep’t of Fam. and Prot.
Servs., 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We
review a trial court’s determination that an appeal would be frivolous for an
abuse of discretion. In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.—San
Antonio 2006, no pet.). In making a determination that an appeal is frivolous,
the trial court may consider whether appellant has presented “a substantial
question for appellate review.” See Tex. Civ. Prac. & Rem. Code Ann.
§ 13.003(b) (Vernon 2002); In re R.C.R., No. 14-08- 00904-CV, 2009 WL
997514, at *2 (Tex. App.—Houston [14th Dist.] Apr. 14, 2009, no pet.)(mem. op.).
An appeal is frivolous when it lacks an arguable basis in law or in fact. In
re K.D., 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.). 

Parental rights can be terminated only upon proof by
clear and convincing evidence that (1) the parent has committed an act
prohibited by section 161.001(1) of the Texas Family Code, and (2) termination
is in the best interest of the child. In re J.O.A., 283 S.W.3d 336, 344
(Tex. 2009); Tex. Fam. Code Ann. § 161.001(1), (2) (Vernon 2008).

The trial court found by clear and convincing evidence that appellant had
committed three of the grounds for termination listed in section 161.001(1) of
the Texas Family Code. Specifically, the court found appellant violated
subsections D, E and Q of section 161.001(1).[3]
 The trial court also found that termination is in the best interest of
the child. Tex. Fam. Code Ann. § 161.001(2) (Vernon 2008). 

The Texas Family Code requires that a statement of
points on which a party intends to appeal be presented to the trial court
within fifteen days after the signing of a final order terminating parental
rights. Tex. Fam. Code Ann. § 263.405(b) (Vernon 2008). The Code further
provides that an appellate court is to consider only those issues presented to
the trial court in a timely filed statement of points. Id. § 263.405(i);
Pool v. Texas Dep’t of Fam. & Prot. Servs., 227 S.W.3d 212, 215
(Tex. App.—Houston [1st Dist.] 2007, no pet.). In his statement of points,
appellant challenged only the findings under subsections D and E of the Section
161.001. He did not challenge the finding that termination is in the best
interest of the child or the finding under subsection Q, the parent’s criminal
conviction and imprisonment for more than two years.

A trial court’s findings must be challenged on
appeal, or the findings are binding on the appellate court. IKB Indus.
(Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex. 1997). Therefore,
the unchallenged findings that termination is supported by section 161.001(1)(Q)
and termination is in K.L.G.’s best interest are binding, and the judgment of
termination may be supported without considering the other statutory predicate
grounds. See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003) (holding that
only one finding under section 161.001(1) is necessary to support a termination
judgment when there is also a finding that termination is in the child’s best
interest).

The trial court properly found that this appeal is
frivolous for two reasons. First, by statute, we may consider only those issues
presented to the trial court in a timely filed statement of points. Tex. Fam. Code
Ann. § 263.405(i) (Vernon 2008). Appellant did not raise a challenge to the predicate
ground in subsection Q or to the best-interest finding.[4] Second, because
they were unchallenged, findings supporting termination of appellant’s parental
rights to K.L.G. are binding, and no review of the other predicate grounds or
the best-interest finding is necessary. See In re A.V., 113
S.W.3d at 362. Thus, this appeal presents no substantial question for appellate
review. Because this appeal is frivolous, we do not reach the issues on the
merits. See also Lumpkin, 260 S.W.3d at 526 (holding that where trial court
properly found appeal frivolous, no further review is warranted).

In an effort to ensure a meaningful appeal, some
courts consider all the evidence presented at trial in reviewing the trial
court’s determination of frivolousness. See In re B.Y., No.
02-05-00332-CV, 2006 WL 1716265, at *4 (Tex. App.—Fort Worth June 22, 2006, no
pet.)(mem.op.) (court reviewed evidence admitted at trial, agreed that appeal
would not present substantial question for review, overruled challenge to
finding of frivolousness, and affirmed judgment). Although we do not believe it
is required under the facts presented here, we have reviewed the complete
record. In addition to the evidence already discussed, appellant acknowledged
his long criminal history. Certified copies of appellant’s convictions were
admitted into evidence. Appellant conceded he was unable to care for K.L.G., he
had no family member who could assist in caring for her while he was in prison,
and she was currently in a good home. The Department caseworker testified
favorably about K.L.G.’s placement with a prospective adoptive family. After
review of the complete record from trial, we conclude the trial court did not
abuse its discretion in determining this appeal would be frivolous.

Finding no abuse of discretion, we affirm the trial
court’s frivolousness finding and the final decree terminating appellant’s
parental rights.

 

 

                                                                        PER
CURIAM

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Sullivan.









[1] The mother’s parental
rights were also terminated, but she did not appeal. Separate cases were filed
concerning K.L.G.’s brothers, and they are not at issue in this appeal.





[2] Appellant did not appeal
the cocaine possession conviction. His convictions for aggravated assault and
unlawful possession of a firearm were affirmed. See Gould v. State, Nos.
01-07-00985-CR & 01-07-00959-CR, 2009 WL 103327 (Tex. App.—Houston [1st
Dist.] Jan. 15, 2009, pet ref’d) (not designated for publication).





[3]  Family Code
Section 161.001 provides in relevant part that a court may terminate the
parent-child relationship if the court finds by clear and convincing evidence
that termination is in the best interest of the child and the parent has: . . .


(D) knowingly placed or
knowingly allowed the child to remain in conditions or surroundings which
endanger the physical or emotional well-being of the child; 

(E) engaged in conduct or
knowingly placed the child with persons who engaged in conduct which endangers
the physical or emotional well-being of the child; . . . 

(Q) knowingly engaged in criminal conduct that has
resulted in the parent’s: 

(i) conviction of an offense; and 

(ii)
confinement or imprisonment and inability to care for the child for not less
than two years from the date of filing the petition; . . . .

 

Tex. Fam. Code Ann. §
161.001(1) (Vernon 2008).





[4] Appellant discusses the
best interest of the child in his brief, but our review is precluded because
there was no best-interest challenge in the statement of appellate points. See
Tex. Fam. Code Ann. § 263.405(i) (Vernon 2008).